## PEOPLE v. BENNETT.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

PUBLIC LANDS (§ 163*)—TRESPASS—TITLE TO SUPPORT ACTION—SUFFICIENCY OF EVIDENCE.

In an action for trespass in cutting timber from state land, evidence of the state's title to the locus in quo *held* sufficient to go to the jury.

[Ed. Note.—For other cases, see Public Lands, Dec. Dig. § 163.*]

Appeal from Trial Term, Fulton County.

Action by the People of the State of New York against Charles H. Bennett. Judgment of nonsuit, and the People appeal. Reversed, and new trial granted.

See, also, 125 App. Div. 912, 109 N. Y. Supp. 1140.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

John K. Ward, for the People.

C. D. Adams (Andrew J. Nellis, of counsel), for respondent.

JOHN M. KELLOGG, J. The state, by several tax deeds, obtained title to an undivided one-half of 7,000 acres in the northerly part of township 40, Totten and Crossfield's purchase, in the town of Long Lake, Hamilton county. The eastern boundary of the tract sought to be conveyed was Raquette Lake, and there was to be embraced within the boundaries 7,000 acres—

"after deducting 50 acres in the east end of Indian Pond, now or formerly owned by William Woods and Matthew Beach, and deducting also a piece of land on the east end of Land or Sand Point on which taxes have heretofore been paid by William Constable."

The description of the Constable lot is the only one needing consideration. The remaining one-half of the 7,000 acres was owned by two other parties, one of whom brought an action of partition, which resulted in the sale of the premises, and the state became the purchaser, and the deed in partition, July 24, 1884, conveyed the premises by substantially the same description as the former tax deed to the state, except with reference to the Constable lot, and in that respect it provided:

"And deducting a piece of land on the east end of Sand Point heretofore sold to William Constable."

The defendant holds by mesne conveyances 50 acres of land on the westerly side of the lake, upon what is known as Land or Sand Point, and the deed from William Constable to the defendant, dated November 29, 1884, describes the 50 acres by metes and bounds, and then recites:

"Being the same parcel of land conveyed by Farren N. Benedict and wife, and others, to William Constable, party of the first part, by deed bearing date the 31st of October, 1851, and now commonly known as Constable Point."

The nonsuit was granted apparently upon the ground that the plaintiff had not shown title to the locus in quo, and that it did not appear but it might be a part of the land upon which William Constable formerly paid taxes, which was therefore excluded from the deed to the state. It seems clear that the reference in the partition deed to the land sold to Constable refers to the same land which was conveyed by Benedict to Constable in 1851. But upon the trial this matter was not left to conjecture. The defendant pointed out to the agent of the state his westerly line, and practically conceded that the timber cut was upon the land of the state.

We need not discuss the terms of the concession, for at least it was sufficient to warrant the jury in saying that the defendant had indicated the party line between him and the state, and shown that the trespass was committed upon the state's land. The admission of the defendant as to the location of the line between him and the state was some evidence in the action against him as to the state's title to the locus in quo. I think, therefore, there was evidence upon which it

might have been found that the defendant committed the trespass upon the lands of the plaintiff.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.